IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00289-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  PROTECTIVE ORDER |
| | ) |
| VIDAUL RASHAAD REED, et al., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on the United States' motion for a protective order [DE 234] governing the handling of discovery material to be produced to the Defendants in this matter. Some Defendants have filed a brief in opposition to the motion (DE 241).[1] Having considered the briefs and for good cause shown, the United States' motion is GRANTED.

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, IT IS HEREBY ORDERED:

1. Any and all discovery material produced to the Defendants VIDAUL RASHAAD REED, ANTHONY EDWARD CHEEVER, DAVID WILLIAM STEPHENS, MARTINUS JERMAINE STARKS, TYLER SCOTT GRISSOM, CHRISTOPHER DYLAN MANOR, ROBERT SCOTT BROWN, FRED JOSEPH PROSPERI, JASON LEE HATHAWAY, WILLIAM SCOTT GARDNER, TERRY LEWIS AKINS, JR., J.R. NEVAREZ DARR, DARRELL DEWAYNE STRICKLAND, JR., WILLIAM FRANKLIN BEASLEY, DAVID LEE WOODALL, JONATHAN MICHAEL ROBARGE (the "Defendants") by the Government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the discovery material, may be used by the Defendants and defense counsel for any purpose consistent with this

---

[1] Defendants also requested a hearing on the motion, but the court finds a hearing unnecessary in this matter.

Order in furtherance of the representation of the Defendants in connection with the above-captioned Indictment;

2. Any and all discovery material produced to the Defendants by the Government and any copies, notes, transcripts, documents or other information derived or prepared from the discovery material shall not be further disseminated by the Defendants or defense counsel without further order of the Court, except that defense counsel may, without further order of the court, disseminate to the Defendants and members of the legal staff of defense counsel (which may include any employee or expert acting in concert and at the request and direction of the defense counsel);

3. Each of the individuals to whom disclosure is authorized in Paragraph 2, shall be provided a copy of this Order and will be advised that he or she shall not further disseminate any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material except in conformity with this Order;

4. Defense counsel agree to maintain a list of the individuals to whom disclosure is authorized in Paragraph 2, and to provide this list to the Government and the court upon request;

5. Where the Defendants and/or defense counsel wish to disclose any portion of the discovery material, or any copies, notes, transcripts, documents, or other information derived or prepared from the discovery material, to any individual to whom disclosure is not authorized by Paragraph 2, defense counsel must provide advance notice to the Government and make application to the court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure, if necessary;

6. Defense counsel shall allow the Defendants access to the documents for

reading only, and that neither the Defendants, nor any other third party, be allowed to take the documents where they could be introduced into the inmate population of any pre-trial detention center or where additional copies could be made;

7. With specific regard to Grand Jury transcripts, memoranda of interviews, and any other form of witness statements (hereafter "statements"), the Defendants may have access to the statements only under the supervision of the defense counsel or members of the legal staff of defense counsel to whom disclosure is authorized in Paragraph 2. No Defendant shall make or maintain his/her own copy of any statement. No statement may be left unattended at any place where it can be taken or copied by anyone who is not authorized in Paragraph 2. No person may publicize or make known to anyone who is not authorized in Paragraph 2 the content of any statement, except for use in any court filing or court proceeding (pursuant to the further direction of this Order), as necessary to the defense of this case;

8. Any and all discovery material produced to the Defendants by the Government which consists of law enforcement created video or audio recordings shall not be copied or reproduced; where the Defendants and or defense counsel wish to copy and/or reproduce such video or audio recordings, defense counsel must provide advance notice to the Government and make application to the court for authorization to make such copies and reproductions, and notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such application, if necessary;

9. Any and all discovery material produced to the Defendants by the Government which consists of law enforcement created video or audio recordings shall be maintained by defense counsel and removed from a secure location,[2] or from the possession of the defense counsel, only by individuals to whom disclosure is authorized in Paragraph 2 for any purpose

---

[2] The term "secure location" shall be so defined or designated by the judgment of defense counsel (e.g., the offices of defense counsel).

consistent with this Order in furtherance of the representation of the Defendants in connection with the above- captioned Indictment;

10. None of the discovery materials nor any copies, notes, transcripts, documents or other information derived or prepared from the discovery material shall be disseminated to the media. Nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the Defendants and/or defense counsel wish to attach any portion of the discovery material to public filings made with the court, unless filed under seal, defense counsel must provide advance notice to the Government and

make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure, if necessary;

11. The parties shall comply with all statutes, regulations, and rules pertaining to the disclosure of personal identity information, including Federal Rule of Criminal Procedure 49.1 and the Privacy Act of 1974, 5 U.S.C. § 552a. The parties shall not file personal identity information with, or submit such information to, the court or reproduce such information's contents in any court filing unless the filing is placed under seal, with the court's consent, or otherwise complies with Federal Rule of Criminal Procedure 49.1. If any information about the actual or cover personal identifiers of any ATF Confidential Human Source (CHS) is included within the discovery materials, the Defendants and counsel will not publicly disclose such information in any pretrial filing or at any pretrial hearing in open court;

12. Nothing in this Order shall preclude defense counsel from processing, scanning or electronically storing the discovery material in their firm's secured document management system for organization or review by individuals to whom disclosure is authorized in Paragraph 2;

13. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to Rule 16(d) to particular items of discovery material;

14. If the Defendants obtain substitute counsel, the current defense counsel will not transfer any portion of the discovery material or any copies, notes, transcripts, documents or other information derived or prepared from such material unless and until substitute counsel reviews this Order;

15. Any violation of this Order (a) will require the immediate return to the United States of the discovery material and all copies thereof, and (b) may result in contempt of court; and

16. This Order is entered without prejudice to the parties' rights to seek a revision of the Order by appropriate motion to the court. Further, this Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this 4th day of November, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE