IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CR-289-M-KS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| VIDAUL RASHAAD REED (1), | ) |
| ANTHONY EDWARD CHEEVER (2), | ) |
| DAVID WILLIAM STEPHENS (3), | ) |
| MARTINUS JERMAINE STARKS (4), | ) |
| TYLER SCOTT GRISSOM (5), | ) |
| CHRISTOPHER DYLAN MANOR (6), | ) |
| ROBERT SCOTT BROWN (7), | ) |
| FRED JOSEPH PROSPERI (8), | )   **ORDER** |
| JASON LEE HATHAWAY (9), | ) |
| WILLIAM SCOTT GARDNER (10), | ) |
| TERRY LEWIS AKINS, JR. (11), | ) |
| J.R. NEVAREZ DARR (12), | ) |
| DARRELL DEWAYNE STRICKLAND, JR. (13), | ) |
| WILLIAM FRANKLIN BEASLEY (14), | ) |
| DAVID LEE WOODALL (15), and | ) |
| JONATHAN MICHAEL ROBARGE (16), | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on the Government's motion to extend its discovery deadline. On February 24, 2025, an Amended Scheduling Order was entered in this case [DE #301] following the Government's submission of proposed case management deadlines as directed by the court. (*See* Mot. Scheduling Deadlines [DE #292]; 11/5/24 Order [DE #245] (directing Government to file a scheduling order motion by 12/2/24); 12/6/24 Order [DE #272] (extending the Government's deadline to submit scheduling order motion until 2/3/25).) Though the Government had previously sought and obtained extensions of the pretrial conference deadline, that

deadline expired on November 5, 2024, without any request for further extension. (*See* 11/5/24 Order (extending pretrial conference deadline until 11/5/24; 12/6/24 Order (granting extension of deadline for filing motion regarding other pretrial case management deadlines).)

In its Motion for Scheduling Pretrial Deadlines, the Government requested a pretrial conference on or before February 24, 2025. The Amended Scheduling Order adopted that date for the Government's deadline to provide discovery required by Local Criminal Rule 16.1(b)[1] since the pretrial conference deadline had already elapsed and the general criminal practice in this district involves the exchange of discovery pursuant to Local Criminal Rule 16.1(d) as opposed to conducting a pretrial conference.

The Government now seeks to extend its discovery deadline due to the complexity of the case and ongoing investigative efforts. The Government asserts that an extension "would allow the Government to address additional information provided to law enforcement and allow additional time to supersede," as well as give "the Government time to continue its review of the continued investigation." (Mot. Extend Discovery Deadline [DE #302].) The Government does not specify the duration of the discovery extension requested but instead requests sixty (60) days "to file a motion regarding setting of pretrial scheduling matters." (*Id.* at 6.) Although

---

[1] Local Criminal Rule 16.1(b) governs the discovery to be provided by the Government at the pretrial conference. As set forth in Local Criminal Rule 16.1(e), the duty to provide discovery "is a continuing one, and the government and the defendant shall produce voluntarily any additional relevant information gained by either of them."

2

some of the defendants objected to certain deadlines proposed in the Government's February 3, 2025, scheduling motion, none have lodged any objection to the instant motion to extend the Government's discovery deadline.

The court has carefully considered the Government's request for an extension in light of the deadlines set in the Amended Scheduling Order. There being no opposition to an extension, the court GRANTS the Government's motion [DE #302] and ORDERS that the Amended Scheduling Order entered February 24, 2025, be modified to extend the Government's deadline to provide all discovery required by Local Criminal Rule 16.1(b) no later than **April 10, 2025**. All other terms of the Amended Scheduling Order shall remain in effect.

SO ORDERED, this 18th day of March 2025.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge