UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CR-289-12-M

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>J.R. NEVAREZ DARR | **MOTION TO REQUIRE GOVERNMENT TO PRODUCE EXPERT WITNESS DISCLOSURES IN ADVANCE OF TRIAL AND INCORPORATED MEMORANDUM OF LAW** |

NOW COMES DEFENDANT J.R. Nevarez Darr, through undersigned counsel, and pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, hereby respectfully moves this Court for an order requiring the Government to produce at least sixty (60) days prior to trial the expert witness disclosure required by Rule 26(a)(1)(G)(iii) for any expert witness the Government intends to call at trial. In support of this Motion, Darr shows the Court the following:

1. On 3 October 2024, an indictment was returned charging Defendant with attempted murder in furtherance of a racketeering enterprise in violation of 18 USC §1959(a)(5) (Count 6); and assault in furtherance of a racketeering enterprise in violation of 18 USC §1959(a)(3) (Count 7).

2. Rule 16(a)(1)(G) governs discovery relating to expert witnesses. In relevant part, this rule provides:

(G) *Expert Witnesses.*

(i) Duty to Disclose. At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.

(ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.

(iii) Contents of the Disclosure. The disclosure for each expert witness must contain:

- a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

3. It is common for the Government, in VICAR cases like this one involving allegations of violent crimes committed by members of so-called "motorcycle gangs," to use expert witnesses to attempt to prove various elements of

2

the charged crimes. *See, e.g. United States v. Nelson et al.*, N.D.Ca. No. 17-CR-533-EMC, DE-2264 (motion in limine relating to Government "enterprise expert" in RICO and VICAR case brought against alleged Hells Angels members); *United States v. Nelson*, 533 F.Supp.3d 779 (N.D.Ca. 2021) (motion in limine in same case relating to Government cell phone expert).

4.     Rule 16(a)(1)(G)(ii) empowers the Court to set a time before trial for production by the Government of its expert witness disclosures. In this case, Darr will seeks to review the Government's expert witness disclosures to (a) determine the need to locate and retain any rebuttal experts that may be necessary, and (b) challenge such expert testimony by motion in limine if necessary. For that reason, Darr respectfully submits that a period of sixty (60) days prior to trial is necessary to, in the works of the Rule, "provide a fair opportunity for the defendant to meet the government's evidence."

WHEREFORE, Defendant J.R. Nevarez Darr respectfully requests that this Motion be granted, and that the Government be required to produce to Defendant at least sixty (60) days prior to trial the expert witness disclosure required by Rule 26(a)(1)(G)(iii) for any expert witness the Government intends to call at trial.

This 12th day of May, 2025.

GAMMON & ZESZOTARSKI,
PLLC

/s/   Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
P.O. Box 1127
Raleigh, NC  27602
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Defendant