UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CR-289-M-KS-12

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff | ) | **GOVERNMENT'S RESPONSE** |
| | ) | **TO DEFENDANT DARR'S** |
| v. | ) | **MOTION FOR EXPERT** |
| | ) | **WITNESS DISCLOSURES** |
| J.R. NEVAREZ DARR | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## INTRODUCTION

Defendant J.R. Nevarez Darr ("Darr") has moved this Court to require the government to produce expert witness disclosures at least sixty days prior to trial. D.E. 350. This Motion should be denied.

## RELEVANT FACTUAL BASIS AND PROCEDURAL HISTORY

On October 3, 2024, a federal grand jury sitting in the Eastern District of North Carolina returned an eight-count Indictment charging 16 members and associates of the Hells Angels Motorcycle Club ("HAMC") members and associates with offenses stemming from their participation in racketeering, murder, attempted murder, assault with a deadly weapon, and witness intimidation. DE 5. Darr was charged in Counts Six and Seven of the Indictment, which allege Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count Six) and Assault with a Deadly Weapon in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count

Seven). Darr is scheduled for arraignment on June 24, 2025 and currently does not have a trial date. On May 12, 2025, Darr filed the instant Motion for disclosure of expert witnesses. DE 350.

### ARGUMENT

Under Rule 16(a)(1)(G), at a defendant's request, the government must disclose to the defendant information about experts it intends to call at trial. Such material must be turned over "sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence." Fed. R. Crim. Proc. 16(a)(1)(G). While Rule 16(a)(1)(G) does not impose a deadline for the defendant's request for the government's production, "it is expected that the parties will make their requests and disclosures in a timely fashion." Advisory Committee Notes to 1993 Amendments to Rule 16.

While Darr has requested expert notices be made 60 days before trial, courts considering this question have found that timeframes much closer to trial are sufficient. *See, e.g.*, *United States v. Wilson*, 493 F. Supp. 2d 348, 356 (E.D.N.Y. 2006) ("Courts in this district typically interpret the 'timely fashion' in which expert disclosure should be made anywhere from fifteen to thirty days before trial."); *United States v. Mohammed*, No. 06-357, 2008 WL 5552330, at *3 (D.D.C. May 6, 2008) (disclosure of government expert testimony fourteen days before trial did not violate Rule 16); *United States v. Russo*, 483 F. Supp. 2d 301, 310 (S.D.N.Y. 2007)

(government's proposal to provide expert disclosures two weeks before trial sufficient to comply with Rule 16).

Here, there is no scheduled trial date, and it is not clear that the parties will even proceed to trial at this juncture. Like with the other types of disclosures and discovery discussed in response to Darr's other motions, the United States intends to make timely disclosures of any experts it plans to call at trial and to comply with Rule 16's requirement to provide enough notice to give the defendant a "fair opportunity" to respond. The requested early disclosure deadlines are unnecessary at this point. Therefore, the United States requests the Court deny the motion for early disclosure of expert witnesses.

## **CONCLUSION**

For the foregoing reasons, Darr's motion should be denied.


Respectfully submitted this 9th day of June 2025.

        Respectfully submitted,
        DAVID JAFFE
        Chief, Violent Crimes and Racketeering Section

        */s/ Alyssa Levey-Weinstein*
        ALYSSA LEVEY-WEINSTEIN
        KELLY PEARSON
        Trial Attorneys
        Department of Justice
        1301 New York Ave NW
        Washington, DC 20530
        (202) 355-5737
        alyssa.levey-weinstein@usdoj.gov
        kelly.pearson@usdoj.gov

        DANIEL P. BUBAR
        Acting United States Attorney

        */s/ Casey L. Peaden*
        CASEY L. PEADEN
        CHARITY L. WILSON
        Assistant United States Attorneys
        150 Fayetteville Street, Suite 2100
        Raleigh, North Carolina 27601
        (919) 856-4530
        casey.peaden@usdoj.gov
        Bar #52336

## CERTIFICATE OF SERVICE

This is to certify that I have this the 9th day of June 2025 served a copy of the foregoing Government's Response to Defendant Darr's Motion to Sever upon the defendant by filing the foregoing electronically with the Clerk of Court, using the CM/ECF system.

 */s/ Alyssa Levey-Weinstein*
ALYSSA LEVEY-WEINSTEIN
Trial Attorney
Department of Justice
1301 New York Ave NW
Washington, DC 20530
(202) 355-5737
Alyssa.Levey-Weinstein@usdoj.gov