IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO. 5:24-CR-000289-M-15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | **MOTION FOR EARLY DISCLOSURE** |
| | ) | **OF *BRADY/GIGLIO* MATERIAL** |
| | ) | **AND INCORPORATED** |
| DAVID LEE WOODALL, | ) | **MEMORANDUM OF LAW** |

Now comes the Defendant, David Lee Woodall, through undersigned counsel, and pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and the principes of *Brady v. Maryland,* 373 U.S. 83 (1963), and *Giglio v. United States,* 405 U.S. (1972), and *Kyles v. Whitley,* 514 U.S. 419 (1995),  hereby respectfully moves this Court for an order requiring the Government to immediately disclose to Defendant all *Brady/Giglio* material in its possession. This Motion seeks to ensure that all such information is produced in a timely manner in advance of the trial. The information includes, but is not limited to, the following:

1. Any plea agreements between the Government and any witnesses in this case.

2. Any agreements and or recommendations for leniency, or agreements for immunity, between the Government and any of its witnesses.

3. Any documents and or other tangible items within the possession of the Government, including law enforcement reports, that are potentially exculpatory towards the Defendant.

4. Any witness statements, in any form, whether made by persons who will testify at trial or not, that are exculpatory in any way towards the Defendant, including any prior inconsistent statement of any Government witness and any exculpatory statements made to the Government by persons who will not be testifying at trial.

5. Any statement of any potential Government witness, in any form, that is inconsistent in any way, including omissions, with any earlier or later statement provided by that potential witness to the Government.

6. Notice of any compensation, or provision for compensation, in any form by the Government to any witness in this case.

7. The criminal records of any Government witness in this case.

In support of this Motion, the Defendant shows the Court the following:

1. The Defendant is under indictment for attempted murder in aid of racketeering; and aiding and abetting and assault with a deadly weapon with intent to kill in aid of racketeering; and aiding and abetting in violation of 18 USC §1959(a)(5) and 2 and 18 USC §1959(a)(3). (D.E.5)

2. These counts arise from conduct that occurred on July 22, 2023, in connection with an altercation at 4001 Pembroke Ln, Wade North Carolina.

3. The Government's affirmative duty to disclose evidence favorable to a defendant can trace its origins to early 20th century strictures against misrepresentation and is most prominently associated with the United States Supreme Court's decision in Brady v. Maryland, 373 U.S. 83 (1963). Brady held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. The Supreme Court later did away with the request requirement, and further held that for the purposes of Brady,

there is no distinction between exculpatory evidence and impeachment evidence – both must be disclosed by the Government prior to trial under Brady. United States v. Bagley, 473 U.S. 667, 682-85 (1985) (no specific request necessary, and "favorable" evidence under Brady includes not only evidence tending to exculpate defendant, but also any evidence adversely affecting the credibility of Government witnesses).

4. The duty of the prosecution is an "affirmative duty" to disclose Brady material to the defense. Kyles v. Whitley, 514 U.S. 419, 432 (1995). Thus, the Government has an affirmative duty to search all of the materials it has obtained in an investigation for Brady material, because an individual prosecutor has a duty to learn of the Brady material in the Government's possession. The individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. Kyles, 514 U.S. at 437; see also United States v. Beckford, 962 F. Supp. 780, 785 (E.D. Va. 1997) ("In the discharge of its obligations under Brady, the Government must actively search out the requested material in its files and in the files of related agencies reasonably expected to have possession of such information").

5. Brady information should be disclosed to the defense as soon as it becomes known to the Government. United States v. McVeigh, 954 F. Supp. 1441, 1449 (D. Colo. 1997) (Brady material "should be given to the defense as it becomes known to the Government, since the information and material must be available to the defense in sufficient time to make fair use of it"). The fact that information subject to disclosure under Brady may also technically fall under the Jencks Act does not absolve the Government of its obligation to disclose the material to the defense under the mandate of Brady in time for its effective use at trial. United States v. Williams, 10 F.3d 1070, 1079 (4th Cir. 1993) (explaining that the Jencks Act "in no way impairs the

government's constitutional obligations under Brady v. Maryland"). In other words, the Government cannot refuse to produce Brady/Giglio material on the grounds that it is also Jencks material. See id.

6. Defendant respectfully requests that the Government produce all Brady/Giglio material in its possession immediately. The defendant files this Motion to ensure that he requests any and all Brady/Giglio material and seeks its production well in advance of trial so that he may properly investigate and develop any such evidence.

WHEREFORE, Defendant respectfully requests that this Motion be granted, and that the Court enter an order requiring the Government to produce immediately all Brady/Giglio material in its possession.

Respectfully submitted this the 13th day of August 2025.

/s/ William F, Finn, Jr.
WILLIAM F. FINN, JR.
Appointed Attorney for Defendant
Sandman, Finn & Fitzhugh, PLLC
7101 Creedmoor Road, Suite 122
Raleigh, North Carolina 27613
Telephone: 919-845-6688
Facsimile: 919-845-6639
Email: bill@ccdattorneys.com
N.C. State Bar NO. 2671

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on the date shown below the foregoing was served with the Clerk of Court through the electronic filing system which will send notification to all registered participants and Assistant United States Attorney Casey Peaden, Assistant United States Attorney Alyssa Levey-Weinstein and Assistant United States Attorney Charity Wilson.

Respectfully submitted this the 13th day of August, 2025.

Casey Peaden
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Casey.peaden@usdoj.gov
Telephone: 919-856-4054
Facsimile: 919-856-4487

Alyssa Levey-Weinstein
Assistant United States Attorney
DOJ Crm
1301 New York Avenue NW, Ste 700
Washington, DC 20005
Alyssa.levey-weinstein@usdoj.gov
Telephone: 973-954-8256

Charity Wilson
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Charity.Wilson@usdoj.gov
Telephone: 919-856-4054
Facsimile: 919-856-4487

<u>/s/ William F, Finn, Jr.</u>
 WILLIAM F. FINN, JR.
 Appointed Attorney for Defendant
 Sandman, Finn & Fitzhugh, PLLC
 7101 Creedmoor Road, Suite 122
 Raleigh, North Carolina 27613
 Telephone: 919-845-6688
 Facsimile: 919-845-6639
 bill@ccdattorneys.com
 N.C. State Bar NO. 26715