IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO. 5:24-CR-000289-M-15

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | **MOTION TO REQUIRE** |
| | ) | **GOVERNMENT TO PRODUCE** |
| | ) | **EXPERT WITNESS DISCLOSURES** |
| | ) | **IN ADVANCE OF TRIAL AND** |
| | ) | **INCORPORATED MEMORANDUM** |
| DAVID LEE WOODALL, | ) | **OF LAW** |

Now comes the Defendant, David Lee Woodall, by and through his undersigned attorney, and pursuant to Rule 16(a)(1)(G) of the Federal Rules of Civil Procedure, hereby moves this Honorable Court for an order compelling the Government to disclose to the Defendant at least sixty (60) days before trial the information required by Rule 16(a)(1)(G) for any expert testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705. In support of said motion, the Defendant shows the court the following:

1. The Defendant is under indictment for attempted murder in aid of racketeering; and aiding and abetting and assault with a deadly weapon with intent to kill in aid of racketeering; and aiding and abetting in violation of 18 USC §1959(a)(5) and 2 and 18 USC §1959(a)(3). (D.E.5)

2. These counts arise from conduct that occurred on July 22, 2023, in connection with an altercation at 4001 Pembroke Ln, Wade North Carolina.

3. Federal Rule of Criminal Procedure states, in relevant part, at the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for

any testimony that the government intends to use at trial under Federal Rule 1 of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rule 1 of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.

(ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.

(iii) Contents of the Disclosure. The disclosure for each expert witness must contain:

* a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

* the bases and reasons for them;

* the witness's qualifications, including a list of all publications authored in the previous 10 years; and

* a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

4. The allegations against the Defendant include that he used violence in aid of racketeering, in what is commonly referred to as a VICAR case.

5. In VICAR cases it has been a common practice by the Government to call expert witnesses to aide in the proof of the necessity elements to establish the existence of a entity that is engaged in racketeering.

6. The Rules of Federal Criminal Procedure allow the court to set a time limit for the Government to make ordered disclosure.

7. Mr. Woodall seeks an order that allows for sufficient time for him to review the expert testimony and to respond by motion if necessary and/or hire an expert to rebut the expert testimony of the Government witness.

Wherefore, Mr. Woodall moves this court, pursuant to Rule 16(a)(1)(G) of the Federal Rules of Civil Procedure, to order the Government to disclose at least 60 days before trial to information provided for in Rule 16(a)(1)(G)(iii), and for any other relief that this court deems appropriate.

Respectfully submitted this the 13th day of August 2025.

/s/ William F, Finn, Jr.
WILLIAM F. FINN, JR.
Appointed Attorney for Defendant
Sandman, Finn & Fitzhugh, PLLC
7101 Creedmoor Road, Suite 122
Raleigh, North Carolina 27613
Telephone: 919-845-6688
Facsimile: 919-845-6639
Email: bill@ccdattorneys.com
N.C. State Bar NO. 2671

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on the date shown below the foregoing was served with the Clerk of Court through the electronic filing system which will send notification to all registered participants and Assistant United States Attorney Casey Peaden, Assistant United States Attorney Alyssa Levey-Weinstein and Assistant United States Attorney Charity Wilson.

Respectfully submitted this the 13th day of August 2025.

Casey Peaden
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Casey.peaden@usdoj.gov
Telephone: 919-856-4054

Alyssa Levey-Weinstein
Assistant United States Attorney
DOJ Crm
1301 New York Avenue NW, Ste 700
Washington, DC 20005
Alyssa.levey-weinstein@usdoj.gov
Telephone: 973-954-8256

Charity Wilson
Assistant United States Attorney
United States Attorney's Office
Eastern District of North Carolina
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
Charity.Wilson@usdoj.gov
Telephone: 919-856-4054

/s/ William F, Finn, Jr.
WILLIAM F. FINN, JR.
Appointed Attorney for Defendant
Sandman, Finn & Fitzhugh, PLLC
7101 Creedmoor Road, Suite 122
Raleigh, North Carolina 27613
Telephone: 919-845-6688
bill@ccdattorneys.com
N.C. State Bar NO. 26715